United States District Court
For the Northern District of California

1

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7               FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9   ALLSTATE INSURANCE CO.            )  Case No. 14-CV-01804 SC
                                      )
10            Plaintiff,              )  ORDER GRANTING DEFENDANTS'
                                      )  MOTION FOR ABSTENTION FROM
11      v.                            )  HEARING DECLARATORY RELIEF
                                      )  ACTION
12  TUCKNOTT ELECTRIC CO., INC.;      )
    ROBERT ALLEN TUCKNOTT, JOSE SAMUEL)
13  MOLINA, and ELIDIA DIAZ MOLINA    )
                                      )
14            Defendants.             )
                                      )
15                                    )
                                      )
16                                    )
                                      )
17                                    )
                                      )
18  _____ )

19

20  I.    **INTRODUCTION**

21       Now before the Court is Defendants Samuel Molina and Elidia

22  Diaz Molina's motion seeking abstention from hearing this

23  declaratory relief action filed by Plaintiff Allstate Insurance

24  Company ("Allstate").  ECF No. 18 ("Mot.").  Defendant Robert

25  Tucknott joins in the motion.  ECF No. 21 ("Joinder").  The motion

26  is opposed, fully briefed,[1] and appropriate for resolution without

27  oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons

28  _____
    [1] ECF Nos. 20 ("Opp'n"); 22 ("Reply").

set forth below the motion is GRANTED and the complaint is
DISMISSED without prejudice.

**II.   BACKGROUND**

This is an insurance coverage dispute arising from an
automobile-bicycle accident.  Tucknott was driving his automobile
when his vehicle struck the Molinas.  Following the accident, the
Molinas filed suit in state court ("the Underlying Action") against
Tucknott and several of his companies, including Tucknott Electric,
which was the named insured in an Allstate Business Auto Policy
("the Policy").  After the suit was filed, Tucknott Electric and
Tucknott tendered the suit to Allstate.  Allstate agreed to defend
Tucknott and Tucknott Electric, while nevertheless reserving the
right to argue that no coverage exists.

Allstate then brought this declaratory judgment action seeking
a court order resolving its coverage obligations.  In this motion,
Defendants argue that the Court should decline to hear Allstate's
declaratory judgment action, and instead dismiss the case in favor
of having the issue heard in state court.

**III. LEGAL STANDARDS**

**A.   Declaratory Judgment**

The Declaratory Judgment Act, 28 U.S.C. Section 2201(a)
provides that "[i]n a case of actual controversy within its
jurisdiction . . . any court of the United States . . . may declare
the rights and other legal relations of any interested party
seeking such declaration, whether or not further relief is or could
be sought."  The purpose of the Declaratory Judgment Act is to

**United States District Court**
For the Northern District of California

2

United States District Court
For the Northern District of California

1  "bring[] to the present a litigable controversy, which otherwise

2  might only be tried in the future." Societe du Conditionnement en

3  Aluminium v. Hunter Eng'g Co., Inc., 655 F.2d 938, 943 (9th Cir.

4  1981).

5       **B.   Abstention under the Declaratory Judgment Act**

6       "By the Declaratory Judgment Act, Congress sought to place a

7  remedial arrow in the district court's quiver; it created an

8  opportunity, rather than a duty, to grant a new form of relief to

9  qualifying litigants." Wilton v. Seven Falls Co., 515 U.S. 277,

10  288 (1995).  Two cases, Brillhart v. Excess Insurance Co. of

11  America, 316 U.S. 491, 495 (1942) and Wilton, explain the

12  circumstances in which district courts ought not string that arrow.

13       Under Brillhart/Wilton, courts consider three factors in

14  determining whether abstention is appropriate ("the Brillhart

15  factors"): "avoiding 'needless determination of state law issues';

16  discouraging 'forum shopping'; and avoiding 'duplicative

17  litigation.'"  R.R. Street & Co., Inc. v. Transp. Ins. Co., 656

18  F.3d 966, 975 (9th Cir. 2011) (quoting Gov't Emps. Ins. Co. v.

19  Dizol, 133 F.3d 1220, 1224 (9th Cir. 1998)).  Although the

20  Brillhart factors "remain the philosophic touchstone for the

21  district court," Dizol, 133 F.3d at 1225, they "are not necessarily

22  exhaustive." Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d

23  800, 803 (9th Cir. 2002).  Other factors that courts have

24  considered include:

25  ///

26  ///

27  ///

28  ///

> [W]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

Dizol, 133 F.3d at 1225 n.5. None of these factors is dispositive, and district courts have broad discretion in declining to hear declaratory judgment actions "as long as it furthers the Declaratory Judgment Act's purpose of enhancing judicial economy and cooperative federalism." Dizol, 133 F.3d at 1224; see also Huth, 298 F.3d at 802-03.

**IV.   DISCUSSION**

Defendants make four arguments in favor of abstention. First, they argue that the Underlying Action involves "overlapping factual questions," and accordingly should be considered a parallel action for the purposes of Brillhart and Wilton. Mot. at 2. Specifically, they argue that the questions of the ownership and operation of the automobile and the liability of Mr. Tucknott's businesses will be at issue in both the Underlying Action and this action. Second, they argue the forum-shopping factor weighs in favor of abstention because Allstate's declaratory judgment action was filed in response to the already-filed Underlying Action in state court. Id. at 3 (citing Wilton, 515 U.S. at 283; Dizol, 133 F.3d at 1225-26). Third, Defendants contend they will be subjected to prejudicial discovery costs by being forced to litigate in both

United States District Court
For the Northern District of California

1  state and federal court.  Id. at 2-3.  Finally, in addition to the

2  above factors, Defendants argue the Court can and should consider

3  that if the Court were to dismiss the declaratory judgment action

4  no other grounds for federal jurisdiction would remain.  Mot. at 2

5  (citing Md. Cas. Co. v. Knight, 96 F.3d 1284, 1289 (9th Cir.

6  1995)).

7      Allstate disagrees with each of Defendants' arguments, instead

8  arguing that there is a presumption in favor of declaratory relief,

9  and, in any event, Defendants cannot satisfy the Brillhart factors.

10  First, Allstate points to numerous cases recognizing authority

11  under the Declaratory Judgment Act to "determine [an insurer's]

12  obligations to defend and indemnify its insured against a third-

13  party claim."  Opp'n at 4 (collecting cases).  Second, Allstate

14  contends abstention is inappropriate in the absence of a 'parallel'

15  state court action.   Because, in Allstate's view, the Underlying

16  Action raises distinct factual and legal issues and involves

17  different parties, abstention is per se inappropriate.  Third,

18  Allstate argues there is no forum-shopping concern here because it

19  is not (and in its view could not be) a party to the Underlying

20  Action.  Id. at 8 (citing Imperium Ins. Co. v. Unigard Ins. Co., --

21  F. Supp. 2d --, 2014 WL 1671806, at *3 (E.D. Cal. Apr. 28, 2014)).

22  Finally, Allstate states that it, not Defendants, will be

23  prejudiced if the Court declines to hear this case.

24      As a preliminary matter, the Court can find no support for

25  Allstate's contention that it is presumptively entitled to

26  declaratory relief.  To the contrary, the decision of whether to

27  hear a declaratory judgment action is clearly discretionary.

28  Wilton, 515 U.S. at 288.  To be sure, federal courts can and often

**United States District Court**
For the Northern District of California

do elect to hear declaratory judgment actions to determine an
insurer's obligations to defend or indemnify an insured against a
third party claim, and "there is no presumption in favor of
abstention in declaratory actions generally, nor in insurance
coverage cases specifically." <u>Dizol</u>, 133 F.3d at 1225.  But the
absence of a presumption in favor of abstention does not render
declaratory relief "presumptively available."  Relatedly, Allstate
is also mistaken in its apparent belief that Defendants must show a
"compelling reason" for the Court to decline to hear a declaratory
relief action.  Opp'n at 3.  Such a rule would effectively
transform the discretionary <u>Brillhart</u>/<u>Wilton</u> standard into the
abstention inquiry under <u>Colorado River Water Conservation District</u>
<u>v. United States</u>, 424 U.S. 800, 813 (1976), which requires a
showing of "exceptional circumstances" in favor of abstention.
<u>Wilton</u> expressly rejected that argument, and reaffirmed <u>Brillhart</u>'s
discretionary approach to declaratory judgment jurisdiction.  515
U.S. at 286.  Accordingly, the Court will apply no presumption in
favor of hearing this declaratory relief action, and will instead
assess whether to hear the case under the <u>Brillhart</u> factors.

    **A.**   **<u>Avoiding Needless Determination of State Law Issues</u>**

    The first factor under <u>Brillhart</u> focuses on whether exercising
jurisdiction over the declaratory judgment action will result in
the needless determination of issues of state law.  It is
undisputed that this case raises exclusively questions of state
insurance law.  Insurance law is "'an area that Congress has
expressly left to the states through the McCarran-Ferguson Act,'" a
consideration other courts have found compelling in declining
jurisdiction.  <u>Advent, Inc. v. Nat'l Union Fire Ins. Co. of</u>

United States District Court
For the Northern District of California

1  *Pittsburgh*, No. 13-CV-00561-LHK, 2013 WL 3483742, at *4 (N.D. Cal.

2  July 8, 2013) (quoting *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d

3  1367, 1371 (9th Cir. 1991), *overruled in part on other grounds*,

4  *Dizol*, 133 F.3d at 1227) (citing 15 U.S.C. § 1011-12 (1988)).

5  Similarly, because jurisdiction here is solely premised on

6  diversity of citizenship, "the federal interest is at its nadir."

7  *Cont'l Cas.*, 947 F.2d at 1371.

8       Accordingly, this factor weighs in favor of abstention.

9      **B.**   **Discouraging Forum-Shopping**

10       The second factor under *Brillhart* focuses on discouraging

11  forum-shopping.  This factor is "usually . . . understood to favor

12  discouraging an insurer from forum shopping." *Am. Cas. Co. of*

13  *Reading v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999).  One

14  circumstance generally understood to indicate forum-shopping is a

15  "reactive" declaratory judgment action filed in federal court

16  seeking a ruling as to an insurer's obligations under a policy at

17  issue in a state court action that is, usually because of an

18  absence of diversity jurisdiction, not removable to federal court.

19  See *Cont'l Cas.*, 947 F.2d at 1371; *see also* *Dizol*, 133 F.3d at 1225

20  (reaffirming that "federal courts should generally decline to

21  entertain reactive declaratory actions").  Here the Underlying

22  Action was the first filed action and does not appear to be

23  removable to federal court.  Compl. ¶¶ 2-6 (stating that all the

24  parties to the Underlying Action are residents of California).

25  Nonetheless, Allstate offers two reasons why, in its view, this

26  should not weigh in favor of abstention.

27       Allstate's first argument can be dispensed with quickly.

28  Allstate argues that it "is not (and could not be) a party to the

United States District Court
For the Northern District of California

state court action."  Opp'n at 8.  Allstate apparently bases this
conclusion on California Evidence Code Section 1155's bars against
the introduction of evidence of insurance coverage "to prove
negligence or other wrongdoing."  But California law affords a
similar declaratory remedy to that provided by the Declaratory
Judgment Act.  Compare 28 U.S.C. § 2201, with Cal. Civ. P. Code §
1060 (conferring a right of action in Superior Court to obtain a
declaration of one's "rights or duties with respect to another"
under an agreement).  As a result, other courts, including the
Ninth Circuit, have dismissed similar arguments, finding instead
that the insurer could simply have filed a state court action for
declaratory relief and sought to relate the two matters.  See
Polido, 110 F.3d at 1423 (holding that an insurer could have
brought a declaratory relief action "in a separate action to the
same court that will decide the underlying tort action"); Advent,
2013 WL 3483742, at *4 ("[S]tate courts are well equipped to issue
a declaratory judgment on a matter that turns solely on questions
of state contract and insurance law."); Great Am. Assur. v.
McCormick, No. C 05-02175 CRB, 2005 WL 3095972, at *2 (N.D. Cal.
Nov. 15, 2005) (Breyer, J.) ("Great American's argument that it is
not forum-shopping because it needs a determination of its coverage
responsibilities is unavailing.  It could have filed a declaratory
relief action in state court in Monterey County where such action
could have been related to and coordinated with the pending state
court actions.")(citing Polido).

Allstate's second argument merits more attention.  Relying on
a case from the Eastern District of California, Allstate contends
that there is no forum-shopping concern where "[t]he parties to

**United States District Court**
For the Northern District of California

this litigation are not parties to the underlying action and are
not seeking to subvert the state court judgment." Imperium, 2014
WL 1671806, at *3.  With all due respect to the Imperium court, the
Court disagrees.  To be sure, one clear circumstance where forum-
shopping is a concern is where a state court loser seeks to
undermine finality by seeking relief in federal court.  Cf.
Krieger, 181 F.3d at 1119 (affirming a denial of declaratory relief
to bar "the [d]efendants, who [did] not fare[] well in three
summary judgments in this action, from wiping the slate clean and
starting this litigation anew . . . ").  However that is not the
only type of forum-shopping that was a concern in Brillhart,
Wilton, and the other declaratory judgment abstention cases.
Instead, under circumstances such as this one, where the legal
question presented is one of state law, there is a prior, pending
proceeding in state court involving overlapping facts, and there is
an adequate state court procedure for Allstate to obtain a
declaration of its coverage obligations, it should be clear why
Allstate filed in federal rather than state court -- Allstate seeks
what it perceives as a friendly forum.

Because this is a reactive declaratory judgment action and
Allstate filed in this court in an effort at forum-shopping, this
factor weighs in favor of abstention.

### C.   Avoiding Duplicative Litigation

"If there are parallel state proceedings involving the same
issues and parties pending at the time [a] federal declaratory
action is filed, there is a presumption that the entire suit should
be heard in state court." Dizol, 133 F.3d at 1225.

Much of Allstate's opposition focuses on the alleged absence

9

1  of a parallel action.  In Allstate's view, "for the abstention

2  doctrine to apply, a parallel state court action must be pending at

3  the same time as [a] federal declaratory judgment action."  Opp'n

4  at 5 (collecting cases) (internal quotation marks omitted).  In

5  support of this position, Allstate cites several out-of-

6  jurisdiction cases as well as Polido v. State Farm Mutual

7  Automobile Insurance Co., 110 F.3d 1418, 1423 (9th Cir. 1997),

8  overruled in part on other grounds, Dizol, 133 F.3d at 1227, and

9  Maryland Casualty Co. v. Knight, 96 F.3d 1284, 1288 (9th Cir.

10  1996).[2]  Yet none of the controlling authorities cited support

11  Allstate's proposition.  For instance, in Polido, the Ninth Circuit

12  stated that "in determining whether to exercise its discretionary

13  jurisdiction to reach the merits in an action for declaratory

14  relief, the dispositive question is not whether the pending state

15  proceeding is 'parallel,' but rather whether there was a procedural

16  vehicle available to the insurance company in state court to

17  resolve the issues raised in the action filed in federal court."

18  110 F.3d at 1423.  Similarly, while Maryland Casualty refers to

19  cases involving parallel proceedings as "the primary instance" in

20  which a court should abstain from hearing a declaratory judgment

21  action, that case nowhere suggests a parallel proceeding is a

22  necessary precondition for abstention.  96 F.3d at 1288.  Instead,

23  the Ninth Circuit has clearly stated that "the absence of a

24  parallel state proceeding is not necessarily dispositive; the

25  potential for such a proceeding may suffice."  Golden Eagle Ins.

26  _____

27  [2] Allstate also cites Security Farms v. Int'l Bhd. of Teamsters,
124 F.3d 999, 1009 (9th Cir. 1997), however that case does not

28  reference, analyze, or discuss Wilton or Brillhart at all, and
instead involves an entirely different branch of abstention
doctrine.

**United States District Court**
For the Northern District of California

1  *Co. v. Travelers Cos.*, 103 F.3d 750, 754 (9th Cir. 1996), <u>overruled</u>

2  <u>in part on other grounds</u>, <u>Dizol</u> 133 F.3d at 1227; <u>see also</u> <u>Wilton</u>,

3  515 U.S. at 290 (declining to "delineate the outer boundaries" of

4  district court discretion to deny declaratory relief, including

5  under circumstances "in which there are no parallel state

6  proceedings").

7      Even setting aside the question of whether abstention is ever

8  appropriate where there is no pending parallel state court

9  proceeding, Allstate interprets 'parallel' too narrowly.  Allstate

10 suggests, relying on language from <u>Wilton</u>, that "because this

11 action and the Underlying Action do not involve the 'same issues'

12 or the 'same parties,' they are manifestly not 'parallel.'"  Opp'n

13 at 5 (quoting <u>Wilton</u>, 515 U.S. at 282).  However the portion of

14 <u>Wilton</u> on which Allstate relies does not impose such a rigid

15 parallelism requirement.  Instead, the quoted language from <u>Wilton</u>

16 merely explains the holding in <u>Brillhart</u> that "<u>at least</u> where

17 another suit involving the same parties and presenting an

18 opportunity for ventilation of the same state law issues is pending

19 in state court," the district court should consider abstention.

20 <u>See</u> 515 U.S. at 282.  Furthermore, also contrary to Allstate's

21 view, "[t]he Ninth Circuit construes 'parallel actions' liberally.

22 Underlying state actions need not involve the same parties nor the

23 same issues to be considered parallel."[3]  <u>Keown v. Tudor Ins. Co.</u>,

---

[3] Other courts appear to impose a stricter parallelism standard
than the Ninth Circuit.  <u>See, e.g.</u>, <u>Scottsdale Ins. Co. v. Detco</u>
<u>Indus. Inc.</u>, 426 F.3d 994, 997 (8th Cir. 2005) (considering
parallel proceedings a "threshold issue" and finding parallelism
only if "substantially the same parties litigate substantially the
same issues in different forums") (quoting <u>New Beckley Mining Corp.</u>
<u>v. Int'l Union, United Mine Workers of Am.</u>, 946 F.2d 1072, 1073
(4th Cir. 1991)); <u>Clay Reg'l Water v. City of Spirit Lake</u>, 193 F.
Supp. 2d 1129, 1137 (N.D. Iowa 2002) (stating that "a parallel

**United States District Court**
For the Northern District of California

621 F. Supp. 2d 1025, 1037 (D. Haw. 2008) (citations omitted).

Instead, "[i]t is enough that the state proceedings arise from the same factual circumstances" as the declaratory judgment action. Golden Eagle, 103 F.3d at 755 (citing Am. Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1017 (9th Cir. 1995), overruled in part on other ground, Dizol, 133 F.3d at 1227). Furthermore, the fact that an insurer is not a party to the underlying state court proceeding is immaterial. See Clarendon Am. Ins. Co. v. Sorg Corp., No. 07-1966 SC, 2007 WL 1880291, at *2 (N.D. Cal. June 29, 2007) (Conti, J.) ("[T]he Ninth Circuit has found that state court actions not involving the insurance carrier were sufficiently parallel to the declaratory relief action to merit consideration and dismissal under Brillhart.") (citing Golden Eagle; Emp'rs Reins. Corp. v. Karussos, 65 F.3d 796, 800 (9th Cir. 1995), overruled in part on other grounds, Dizol, 133 F.3d at 1227).

Here, both this case and the Underlying Action arise from the same factual circumstances. Reviewing the language of the Policy, several factual issues appear relevant to both this suit and the Underlying Action. The Underlying Action involves claims against Tucknott, Robert A. Tucknott & Associates, Inc., and Tucknott

---

state court proceeding is a necessary prerequisite to the use of either the Colorado River-Moses H. Cone or Brillhart standards of abstention"). Nevertheless it is unclear how imposing a strict parallelism requirement would further the twin goals of the Brillhart line of cases: judicial economy and cooperative federalism. Such a strict parallelism requirement would certainly result in abstention in cases involving pure forum-shopping or reactive declaratory judgment actions, but it might nevertheless result in abstention being denied in other desirable cases, for instance those involving highly significant issues of state law or factually overlapping cases which nonetheless involve distinct legal issues and theories. See, e.g., Nat'l Union Fire Ins. Co. of Pittsburgh v. Simpson Manuf. Co., 829 F. Supp. 2d 914, 922 (D. Haw. 2011) (considering the unsettled nature of a particular question of Hawaiian law in staying a declaratory judgment action).

**United States District Court**
For the Northern District of California

Electric Company, "either individually or under a theory of
respondeat superior." Mot. at 2.  At the time of the accident, it
appears the vehicle Tucknott was driving was registered to "Robert
A Tucknott/Assoc Inc[.]"  ECF No. 22 ("Brown Decl.") Ex. C
("Vehicle Regis.").  The Policy at issue provides coverage for,
among other things, "'autos' you lease[d], hire[d], rent[ed] or
borrow[ed]," and, specifically for Mr. Tucknott, even for autos he
did not "own, hire or borrow" so long as the vehicle was not owned
by him individually "or by any member of his or her household."
ECF No. 1 ("Compl.") ¶¶ 14, 17.  The relationships between
Tucknott, his businesses, the vehicle, and his activities on the
day of the accident are likely to be relevant both to vicarious
liability and policy interpretation.  Accordingly, the Court finds
both disputes arise from the same factual circumstances.

Moreover, Allstate's argument that "the state and federal
actions involve completely different issues: the state court
proceeding is a personal injury action . . . while this suit
involves the interpretation of Allstate's insurance policy" is
unavailing.  "[D]ifferences in factual and legal issues between the
state and federal court proceedings are not dispositive because the
insurer 'could have presented the issues that it brought to federal
court in a separate action to the same court that will decide the
underlying tort action.'"  Polido, 110 F.3d at 1423 (quoting
Karussos, 65 F.3d at 800).  As the Court previously explained,
there is an available procedural vehicle for Allstate to raise
these issues in state court.  See Cal. Civ. P. Code § 1060.

Here, the Court finds that the state court in the Underlying
Action is better equipped to resolve this declaratory judgment

13

**United States District Court**
For the Northern District of California

action.  First, as explained above, there is the potential for
several overlapping factual issues.  Second, the state court is
more familiar with the parties and the state law issues likely to
arise in interpreting the Policy.  Accordingly, this factor also
weighs in favor of abstention.

**D.   Remaining Factors**

Finally, both sides argue they will be prejudiced if the Court
does not adopt their position.  Defendants argue the Court should
abstain from hearing this action because exercising jurisdiction
over the declaratory judgment action will result in litigation, and
hence discovery, on two fronts.  Mot. at 2-3.  Allstate argues that
Defendants overstate the likelihood of duplicative discovery, and
in any event, because the coverage issues would only be resolved in
state court after the merits of the Underlying Action, Allstate
would suffer the bulk of any prejudice by being forced to continue
paying Tucknott's defense costs during the full pendency of the
tort action.  Opp'n at 8-10.

Allstate's argument is well-taken, but ultimately not enough
to sway the Court from its view that this dispute is better
resolved in state court.  Nevertheless, one of the cases cited by
Allstate, Montrose Chemical Corp. v. Superior Court, 25 Cal. App.
4th 902, 910 (Cal. Ct. App. 1994), belies this position.  In that
case, the Court of Appeal noted that "[i]n a case where there is no
potential conflict between the coverage issues and the issues in
the third party action, the carrier may obtain an early trial date
in the coverage action," thereby possibly ending its duty to
defend.  While Allstate failed to persuade the Court that there is
no potential factual overlap between coverage issues and issues in

the Underlying Action, if Allstate continues to believe that to be the case, it can seek an accelerated resolution of the coverage issues in state court.

As a result, the Court is not persuaded that prejudice weighs more than weakly against abstention.

## V. <u>CONCLUSION</u>

For the reasons set forth above, the Court finds that the <u>Brillhart</u> factors weigh against the exercise of jurisdiction in this case and in favor of the resolution of these issues in state court. Accordingly, Allstate's complaint is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: October 23, 2014

_____
UNITED STATES DISTRICT JUDGE